UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

     v.

TAURUS G3 PISTOL, CALIBER: 9MM,
SN: ABD471763,

     Defendant.

Case No. 3:20-CV-947 JD

## OPINION AND ORDER

Plaintiff United States of America has moved for an entry of default judgment and a decree of forfeiture against the defendant property, Jason Trigg, Midwest Gun Exchange, and any other people or entities that may claim an interest in the relevant property. (DE 6.) For the following reasons, the Court grants the Government's motion.

## I.    Factual Background

The Government filed a verified complaint for civil forfeiture *in rem* on November 9, 2020. (DE 1.) The complaint sought forfeiture of a 9mm Taurus G3 pistol with serial number ABD471763 as well as ten rounds of assorted 9mm ammunition, which together constitute the defendant property in this case, because the Government alleged that the gun and ammunition had been involved in violations of 18 U.S.C. § 922(a)(6) and (g)(3). (*Id.* at 1–2.) Specifically, Jason Trigg was alleged to have provided false statements on ATF Form 4473 while he was purchasing the gun from the Midwest Gun Exchange store in Mishawaka. The form required Mr. Trigg to disclose whether he was currently under indictment or information for a felony, whether he was a fugitive from justice, and whether he was an unlawful drug user. (*Id.* at 3–4.) Mr. Trigg

allegedly answered no to each question. (*Id.*) Approximately two weeks later, an ATF special agent followed up on the form and found that Mr. Trigg had an active arrest warrant from Michigan for felony possession of methamphetamine, which meant Mr. Trigg provided false statements when he answered "no" to the relevant questions on the form. (*Id.* at 4.) After discovering that information, the ATF agent met with Mr. Trigg during which time Mr. Trigg confirmed that he purchased the gun and had filled out the form. The ATF agent informed Mr. Trigg that he had provided false statements on the form because he was both an unlawful drug user and a fugitive due to his outstanding arrest warrant. (*Id.* at 5.) Mr. Trigg then had the gun and ammunition confiscated. (*Id.*)

A warrant of arrest *in rem* for the gun and ammunition was issued on November 10, 2020 (DE 2). The warrant did not need to be executed, however, because the property was already in the Government's custody. Fed. R. Civ. P. G(3)(c)(ii)(A). The Government then sent direct notice to Mr. Trigg and Midwest Gun Exchange on November 12, 2020, informing them of the forfeiture action. (DE 3.) The Government also posted a notice on an official government internet site for at least 30 consecutive days, from November 24, 2020 through December 23, 2020, as required by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions G(4)(a)(iv)(C). (*Id.*) No claimants ever came forward. That led the Government to request entry of default against the property, Mr. Trigg, Midwest Gun Exchange, and any other persons who may claim an interest in the property. (DE 4.) The Clerk entered default against the identified property and individuals on September 1, 2021 (DE 5) and the Government filed its motion for default judgment and decree of forfeiture pursuant to Federal Rule of Civil Procedure 55 on September 14, 2021 (DE 6).

## II.    Discussion

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mat. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). The Clerk has made an entry of default here. (DE 5.) Accordingly, the Court may now enter a default judgment under Rule 55(b)(2). However, the Court must exercise its discretion in doing so. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A default judgment is justified when "the defaulting party has exhibited a willful refusal to litigate the case properly," as evinced by "a party's continuing disregard for the procedures of the court" and a "willful choice not to exercise even a minimal level of diligence." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003). Here, Mr. Trigg and Midwest Gun Exchange, as the only persons known to the Government to be potential claimants to the defendant property, have exhibited a willful refusal to litigate the case by not filing a claim for the defendant property. *See, e.g.*, *United States v. Oil Tanker Bearing Int'l Mar. Org. No. 9116512*, No. CV 19-1989 (JEB), 2020 WL 4569424 (D.D.C. Aug. 7, 2020) (holding that "unless a claimant properly intervenes to raise defenses to its forfeiture, the defendant property is deemed to have failed to plead or otherwise defend against the allegations, and the Clerk of Court must enter default") (internal quotations omitted). That supports granting the Government's request.

Approval of the Government's request is also warranted because the Government has complied with the requirements for *in rem* forfeiture under Rule G. First, the Government met the requirements for a forfeiture complaint by filing a verified complaint that stated the grounds for this Court's jurisdiction and venue, described the property with reasonable particularity, described when the defendant property was seized and where it was located at the time of the

complaint's filing, identified the property as subject to forfeiture under 18 U.S.C. § 924(d) as it qualified as a firearm and ammunition involved in the willful violation of 18 U.S.C. §§ 922(a)(6) or (g), and articulated facts to support a reasonable belief that the government would be able to meet its burden of proof at trial. Fed. R. Civ. P. Supp. R. G(2); (DE 1). Second, the Government met the relevant process requirements by moving for and receiving an arrest warrant for the defendant property, which did not need to be executed because the property was already within Government custody. Fed. R. Civ. P. Supp. R. G(3); (DE 3). And third, the Government met the notice requirements for an *in rem* forfeiture proceeding by both sending direct notice to Mr. Trigg and Midwest Gunn Exchange as the only two entities known to the Government to be potential claimants to the property and posting notice of this action on an official government internet site for a minimum of thirty consecutive days. Fed. R. Civ. P. Supp. G(4); (DE 6-1 at 1–2; DE 6-2). No parties have filed a claim to the property or challenged the Government's forfeiture request following the Government's adherence to the forfeiture procedures, which leads the Court to find a default judgment and decree of forfeiture is warranted.

## III.    Conclusion

For those reasons, the Court GRANTS the Government's Motion for Default Judgment and Decree of Forfeiture. (DE 6.) It is therefore ORDERED that a default judgment be entered against the defendant property, Jason Trigg, Midwest Gun Exchange, and all persons who claim an interest in the defendant property. It is further ORDERED that the defendant property, *to wit*, Taurus G3 pistol, caliber: 9mm, SN; ABD471763 and 10 rounds of assorted 9mm ammunition, be forfeited to the United States of America and no right, title, or interest in said property shall exist in any other person.

SO ORDERED.

ENTERED: September 29, 2021

                                  /s/ JON E. DEGUILIO
                                 Chief Judge
                                 United States District Court